IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JASMINE RENEE WALLACE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **THE CITY OF SUGAR LAND,** | § | |
| **TEXAS, Mayor JOE R.** | § | |
| **ZIMMERMAN, Individually and in** | § | |
| **his official capacity as Mayor for the** | § | |
| **City of Sugar Land, Texas,** | § | |
| **DAVID GONGORA, Individually** | § | |
| **and in his official capacity as a** | § | |
| **Sugar Land, Texas Police Officer,** | § | |
| | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION**

Jamine Renee Wallace complains of the City of Sugar Land, Texas, Mayor Joe R. Zimmerman, and Officer David Gongora, for the causes of action showing:

**I. NATURE OF THE ACTION**

1. This is an action brought by Jasmine Wallace (Plaintiff) against the City of Sugar Land, Texas, Mayor Joe R. Zimmerman, Mayor of the City of Sugar Land, Texas, and Officer David Gongora for their unlawful stop, detention, false arrest and malicious prosecution of Plaintiff in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, Article 1 Section 8 of the Constitution of the State of Texas, and actions under the color of law in violation of his civil rights pursuant to 42 U.S.C. § 1983 and § 1985 (3). Ms. Wallace also brings alternative claims against Zimmerman and Gongora in the event that they were acting in an individual

-2-

capacity for false arrest, false imprisonment, malicious prosecution, libel, intentional infliction of emotional distress, and negligent infliction of emotional distress as allowed by Texas law. Ms. Wallace brings claims against Defendants for engaging in racial profiling to interfere with her right to travel and equal protection under the United States Constitution and in violation of Texas Code of Criminal Procedure Article 2.131.

## II. PARTIES

2. Jasmine Wallace ("Plaintiff") is a citizen of the United States and a resident of Houston, Texas.

3. Defendant, the City of Sugar Land, is a Texas municipality. The City of Sugar Land currently employs Officer David Gongora, which worked for the Sugar Land Department (SLPD) at the time of this claim. The Mayor of the City of Sugar Land, Texas, at the time of this claim was Defendant Joe R. Zimmerman who is currently employed as such. The City of Sugar Land, Texas may be served with citation herein by and through it's agent for service, the Honorable Joe R. Zimmerman, Mayor, at 2700 Town Center Blvd. N., Sugar Land, Texas 77479. Additional service is being made on the City of Sugar Land Council Members: Himesh Gandhi, Jennifer J. Lane, Steve R. Porter, Naushad Kemally, Stewart Jacobson, and Carol K McCutcheon all of 2700 Town Center Blvd., N. Sugar Land, Texas 77479.

4. Defendant, Joe R. Zimmerman, is a resident of Fort Bend County, Texas, and at all times material herein was the mayor of Fort Bend County, Texas, acting individually and in the course and scope of his employment for the City of Sugar Land, Texas.

-3-

5. Defendant, David Gongora, is a resident of Fort Bend County, Texas, and at all times material herein was a police officer acting individually and in the course and scope of his employment for the Sugar Land Police Department, Sugar Land, Texas. David Gongora may be served with citation at 1200 Hwy 6, Sugar Land, Texas 77478.

### III. JURISDICTION & VENUE

6. This is a civil rights action brought under inter alia, the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983 and § 1985 (3), to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions.

7. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. The State claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. The amount in controversy exceeds $75,000.00 excluding interests and costs.

9. Venue is proper pursuant to 28 U.S.C. §1391 (b) (2) because the cause of the action occurred within the Southern District of Texas, Houston Division.

### IV. BACKGROUND

10. On December 21, 2017, at approximately 3:00 p.m., Plaintiff, Jasmine Renee Wallace was walking in the parking lot of an apartment complex in Sugar Land, Texas. Plaintiff was set upon by multiple Sugar Land Police Department police officers who had received a call by one of the residents of the apartment complex complaining of

a group of women outside of her apartment threatening to beat her up. Specifically, the complainant described the only woman that she could see as a Hispanic female in a white t-shirt.

11. Sugar Land Police responded to the call in force. Ms. Wallace who is African-American, and was wearing a camouflaged jacket, happened to be walking across the parking lot of the apartment complex which was open to the public. Ms. Wallace was immediately arrested by multiple police officers, chief among them, Defendant, David Gongora, who threw Ms. Wallace to the ground and subsequently arrested her for Evading Arrest, Resisting Arrest and Possession of a Controlled Substance. Officer Gongora lacked reasonable suspicion to detain Ms. Wallace, or probable cause to arrest her.

12. Ms. Wallace was placed into custody where she remained until her cases were dismissed at the request of the Fort Bend County District Attorney's Office on April 6, 2018. The explanation that the Fort Bend County District Attorney's Office gave for the dismissals were that they were "In the interests of justice." The dismissal of all three cases was signed by the Honorable Susan Lowery, Judge of County Court at Law No. 3, of Fort Bend County, Texas.

13. Plaintiff would further show that the Defendants' actions have caused her to suffer mental anguish.

14. Additionally, Plaintiff would show that at all times material hereto, Defendants Zimmerman and Gongora were acting in the scope of their employment as agents, servants and employees of the City of Sugar Land, Texas. Plaintiff would further show that the Defendants' actions were the result of, or within the scope of, customs,

policies, practices and/or procedures of both the City of Sugar Land, Texas, with full complicity and knowledge by aforesaid Municipality.

## V. CIVIL RIGHTS ACTIONS

15. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

16. Racial Profiling: Plaintiff would show that the Defendant's clearly used race as a factor for reasonable suspicion in detaining Plaintiff. The facts show that there was no reasonable suspicion to detain nor probable cause to arrest Plaintiff. No other charges were levied against Plaintiff other than the three charges previously stated. Plaintiff would further show that Defendant's actions were in violation of TEX.CODE CRIM.PROC. ANN art. 2.131-137 (Vernon Supp. 2004) and are strictly liable to Plaintiff.

17. Plaintiff would show that Defendant's denied Plaintiff her rights to be free from cruel, unusual and excessive punishment, right to travel, right of equal protection, and deprived him of due process of law, in violation of the Fourth, Fifth and Eight Amendments to the United States Constitution as incorporated to the states by the Fourteenth Amendment. The Defendants acted under the color of law to deprive Plaintiff of her civil rights, privileges or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983 and § 1985 (3). Plaintiff would show that Defendants were acting within custom, policy, practice and/or procedure of the City of Sugar Land at the time of the incident. Plaintiff would further show that as a result of these violations of her rights, Plaintiff has suffered damages within the jurisdiction limits of this court.

## VI. § 1983 AND § 1985 FALSE IMPRISONMENT AND FALSE ARREST

18. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

19. At all times relevant to this action the Defendants acted under color of laws of the State of Texas and the City of Sugar Land, Texas, and/or in conspiracy with each other acted under color of law of the State of Texas and under authority and custom and usage of the City of Sugar Land, Texas.

20. At no time did Defendants have any information or knowledge that would establish probable cause or reasonable suspicion to believe that Plaintiff was involved in the violation of any Texas law.

21. The actions of Defendants by arresting Plaintiff without probable cause constituted willful misconduct and conspired to deny Plaintiff of her right to be free from false arrest and false imprisonment.

22. Defendants did not reasonably believe in the existence of probable cause at the time they arrested Plaintiff.

23. The aforementioned acts of the Defendants deprived Plaintiff of her right to be free from false arrest and false imprisonment in violation of the Fourth and Fifth, Amendments as incorporated by the Fourteenth Amendment to the United States Constitution, and made actionable through 42 U.S.C. Sections 1983 and 1985.

24. As a direct and proximate cause of the aforementioned acts, Plaintiff was caused to sustain an extended loss of freedom and reputation, and suffered severe physical and emotional damages in connection with the deprivation of her constitutional rights.

-7-

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable

## VII. § 1983 AND § 1985 MALICIOUS PROSECUTION

25. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

26. Plaintiff has a United States Constitutional right to be free from malicious prosecution.

27. The charges initiated against Plaintiff were without legal or factual justification and were not based upon probable cause. Defendants initiated the charges against Plaintiff with malice and with absolute disregard for her rights and liberties in violation of the Fourth and Fifth Amendments as incorporated by the Fourteenth Amendment to the United States Constitution, and made actionable through 42 U.S.C. Sections 1983 and 1985.

The charges against Plaintiff were ultimately dismissed.

28. At no point during the entire proceeding against Plaintiff did Defendants possess any evidence against Plaintiff establishing probable cause and/or a legal basis that Plaintiff was engaged in any wrongdoing.

29. Defendants maliciously and without regard for the Plaintiff's liberty and rights initiated a prosecution against Plaintiff by falsely charging her with evading arrest, resisting arrest and possession of a controlled substance, forwarding false information to prosecutors, and swearing to a false probable cause affidavit.

-8-

30. Ultimately, the criminal proceedings initiated by Defendants terminated in Plaintiff's favor after 107 days when the charges were dismissed.

31. As a direct and proximate cause of the actions described herein by Defendants, Plaintiff lost her freedom for 107 days while she was unable to post bail and endured legal proceedings during that time frame. Plaintiff suffered humiliation and degradation of being publicly arrested and prosecuted.

32. Defendants, in reckless disregard to the rights of the Plaintiff, did violate and/or conspire to violate Plaintiff's right to be free from malicious prosecution in violation of the Fourth Amendment to the United States Constitution, made actionable through 42 U.S.C. Sections 1983 and 1985.

33. As a direct and proximate cause of the aforementioned acts, Plaintiff was caused to sustain an extended loss of freedom and reputation, and suffered severe physical and emotional damages in connection with the deprivation of her constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

### VIII. § 1983 AND § 1985 UNLAWFUL SEIZURE/FALSE ARREST

34. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

35. Following the unlawful arrest of Plaintiff, Defendants deprived Plaintiff from his right to be free from unreasonable search and seizure by placing Plaintiff under arrest without probable cause to do so.

36.	As a direct and proximate cause of the aforementioned acts, Defendants violated Plaintiff's right to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution, made actionable through 42 U.S.C. Section 1983 and 1985.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

## IX. UNLAWFUL CUSTOM, PRACTICE, POLICY

37.	The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

38.	Defendant, City of Sugar Land, Texas, is vested by state law with the authority to make policy on the use of force, effectuating arrests and police-citizen encounters.

39.	At all times relevant hereto, Defendant, David Gongora, was acting pursuant as an agent, servant and/or employee of the Sugar Land Police Department.

40.	Acting under color of state law, the Sugar Land Police Department intentionally, knowingly, recklessly and/or with deliberate indifference failed to adequately screen, train, instruct, supervise, control, and/or discipline, on a continuing basis, the officers under its control, including Defendant Gongora to refrain from: 1) unlawfully and maliciously, arresting, prosecuting and harassing citizen; 2) making false arrests and/or 6) committing unlawful searches and seizures.

41.	Despite having such notice, Defendant, City of Sugar Land Texas, failed to employ any type of corrective or disciplinary measures against Gongora.

42. Defendant, City of Sugar Land, Texas, had knowledge of, or had they diligently exercised their duties, should have known, that the Constitutional deprivations set forth above were likely to occur and, with deliberate indifferences, did nothing to prevent such deprivations from occurring.

43. Defendant, City of Sugar Land, Texas, had vested authority to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to dos so.

44. Defendant, City of Sugar Land, Texas, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate malicious, reckless, and wanton conduct of Defendant Gongora.

45. As a direct and proximate result of the acts and/or omissions of Defendant, City of Sugar Land, Texas, as set forth herein, Plaintiff suffered lost income and mental anguish in connection with deprivation of her Constitutional right to be free from false arrest, malicious prosecution, and unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth amendments to the Constitution of the United States and Article I Section 8 of the Texas Constitution made actionable by 42 U.S.C. § 1983 and 1985.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

## X. RESPONDEAT SUPERIOR
(Against Defendants City of Sugar Land, Texas, and Joe R. Zimmerman)

46. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

47. Defendants City of Sugar Land, Texas, and Joe R. Zimmerman are liable for the actions of the Defendant Gongora under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

## XII. NEGLIGENCE - COMMON LAW

48. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

49. Defendant Gongora, in furtherance of his employment, was negligent in detaining, arresting, charging, and prosecuting Plaintiff, and were further negligent in failing to comply with standard guidelines, and regulations by the City of Sugar Land, Texas, and the Sugar Land Police Department.

50. The Defendant, the City of Sugar Land, Texas, is charged with the responsibility of prescribing the powers of members of the Sugar Land Police Department for ensuring that all members of the Sugar Land Police Department are properly trained and comprehend the legal limits of their powers, and for adopting rules and regulations for the governing of the Sugar Land Police Department.

51. At all times relevant to this action the Defendant, City of Sugar Land, Texas, maintained a reckless and grossly inadequate set of procedures, standards, criteria, guidelines, training, disciplining and/or supervisory review of members of its force.

52. Under the doctrine of *respondeat superior,* the City of Sugar Land and Joe R. Zimmerman are liable for their agents' negligent torts.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

### XIII. INTENTIONAL TORTS OF DAVID GONGORA

53. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff would show if Defendant Gongora was acting in his individual capacity, when he committed the following intentional torts against Plaintiff:

    a.    False Imprisonment

    b.    False Arrest

    c.    Malicious Prosecution

    d.    Defamation and Libel

54. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this court.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees costs of suit and such other relief as the court deems just and equitable.

### XIV. CIVIL RIGHTS DAMAGES

55. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. As a direct and proximate result of the actions of Defendants,

Plaintiff has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, loss of reputation and embarrassment damages within the jurisdictional limits of this court under 42 U.S.C. § 1983.

## XV. PUNITIVE/EXEMPLARY DAMAGES

56. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, the conduct of Defendants were done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## XVI. DEFAMATION DAMAGES

57. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff alleges that Defendants have knowingly made false statements to impute that plaintiff committed some crime. These defamatory statements have damaged Plaintiff's reputation and caused mental anguish for which she seeks compensation in a sum which is within the jurisdictional limits of this court.

## XVII. COSTS AND ATTORNEY FEES

58. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff would show that has had to retain counsel to prosecute

this action for damages and is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1983.

### XVIII. CONDITIONS PRECEDENT

59.     Plaintiff reserves the right to plead and prove the damages to which he is entitled to at the time to trial. All conditions to Plaintiff's recovery have been performed or have occurred.

### XIX. TRIAL BY JURY

60.     Plaintiff has paid a jury fee and demands trial by jury

### XX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff have and recover judgment from Defendants; pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: s/ Kendric M. Ceaser

Kendric M. Ceaser
Attorney for Plaintiff
Federal Bar No. 28895
State Bar No. 24012404
1302 Waugh Drive, No. 367
Houston, Texas 77019
Email: kceaser@ceaserlaw.com
(713) 796-9911
(713) 796-8811 fax